wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Knowles, | No. CV-08-01283-PHX-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| U.S. Foodservice, Inc., et al., | |
| Defendants. | |

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 69). For the reasons discussed, the Motion will be granted. Also before the Court is Plaintiff's Motion for a Continuance to Conduct Further Discovery (Doc. 89) and Motion to Strike (Doc. 93), which will be denied.

**BACKGROUND**

On March 31, 2009, Plaintiff filed an Amended Complaint alleging he was discriminated against because of his age in violation of the Age Discrimination in Employment Act ("ADEA") and the Arizona Civil Rights Act ("ACRA"), was wrongfully terminated in violation of the Arizona Employment Protection Act, and was wrongfully terminated under common law.

Plaintiff alleges the following facts. Plaintiff was a truck driver for Defendant U.S. Foodservice, Inc. for approximately 28 years. In September 2007, Defendant's manager asked Plaintiff about an accident at a school. Plaintiff told the supervisor he was unaware

of any such accident.  In December 2007, Plaintiff was told the company was considering disciplining him for the accident, and Plaintiff was shown a video purporting to show Plaintiff being involving in the accident.  Plaintiff reiterated that he was unaware of being in any such accident.  On December 13, 2007, Plaintiff's employment was terminated, ostensibly based on the unreported accident.  Plaintiff was 52 years old at the time he was terminated.  Plaintiff claims he was terminated because of his age, and not because of the purported accident or his failure to report it.  Plaintiff further alleges Defendant falsely reported to the Department of Economic Security ("DES") that he was terminated for failing to report an accident.  Plaintiff alleges Defendant falsely reported to DES that Plaintiff was not terminated, and instead voluntarily resigned, which would prevent Plaintiff from receiving unemployment benefits charged to Defendant's unemployment account.[1]

**STANDARD**

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(c).  To enter summary judgment, the Court must examine all evidence and find no dispute concerning genuine issues of material fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-256 (1986). The evidence of the non-moving party is to be believed, and all reasonable inferences drawn in its favor.  *See id.*  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citations omitted).  However, if the non-moving party bears

---

[1] The Amended Complaint alleges that Defendant reported to DES that Plaintiff was "terminated" and was "not terminated." (Doc. 27 at ¶¶ 54, 56).  These allegations appear contradictory.  The Court presumes Plaintiff's used the term "terminated" in paragraph 54 to simply mean that Plaintiff's employment came to an end, and not to mean that Defendant fired him, as Plaintiff uses that term in paragraph 56.

- 2 -

the burden of proof at trial, the moving party's summary judgment motion need only highlight the absence of evidence supporting the non-moving party's claims. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (citing *Celotex Corp.*, 477 U.S. at 323-25). The burden then shifts to the non-moving party who must produce evidence sustaining a genuine issue of disputed material fact. *See id.*

## DISCUSSION

**I.     ADEA Claim**

    **A.     Prima Facie Case and Burden Shifting Framework**

Plaintiff alleges he was discriminated against because of his age in violation of the ADEA. To analyze age discrimination claims based solely on circumstantial evidence (as is often the case), courts apply variants of the burden shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000). First, the court determines whether the plaintiff can make a prima facie case of discrimination. *Reeves,* 530 U.S. at 142. If the plaintiff does, the burden shifts to the defendant to present evidence of a legitimate nondiscriminatory reason for its employment decision. *Id*  This burden is merely one of production; the defendant is under no burden to persuade the trier of fact that its proffered reason is credible. *Id.* Once the employer produces "sufficient evidence" to support a legitimate nondiscriminatory reason, the plaintiff has the burden of showing the alleged reason is a pretext for the employer's discriminatory motive. *Id.*

To establish a prima face case of disparate treatment (in the form of being terminated) based on age using circumstantial evidence, the plaintiff must show he was (1) a member of a protected class (at least 40 years of age); (2) performed his job satisfactorily; (3) was discharged; and (4) was replaced by substantially younger employees with equal or inferior qualifications. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2001).

**B.     Defendant's Arguments**

Defendant argues Plaintiff fails to provide any evidence that his age was a "but-for" factor in his termination. In *Gross v. FBL Financial Services, Inc.*, 129 S.Ct. 2343, 2351 (2009), the Supreme Court held that a plaintiff alleging disparate treatment under the ADEA must prove by a preponderance of the evidence (either direct or circumstantial) that age was the "but-for" cause of the employer's adverse action. The Supreme Court thus foreclosed "mixed-motive" ADEA claims, under which an employer could be held liable if the plaintiff could prove age was at least a substantial factor motivating the employment decision. Although holding that mixed-motive cases are not available under the ADEA, the Court did not hold that the *McDonnell Douglas* framework used by courts to analyze discrimination cases based on circumstantial evidence does not apply to ADEA claims. Thus, to determine whether Plaintiff has presented sufficient evidence of age discrimination to overcome summary judgment, the Court must determine whether Plaintiff has made a prima facie case.

Defendant does not dispute that Plaintiff was over 40 and was discharged, thus satisfying the first and third elements of a prima facie case. Defendant argues Plaintiff fails to establish the fourth element by showing evidence he was replaced by a younger employee. Defendant contends it assigned John Breidt, who is 57 years old, to Plaintiff's former shuttle route. In response, Plaintiff argues Defendant did not replace Plaintiff with any driver. Plaintiff cites testimony from Alvin Cramer, who stated, "There was no replacement for Mr. Knowles." (Doc. 77, Ex. 4 at 51-52). Although Plaintiff argues he was not replaced by any new driver, he does not dispute that Defendant assigned his route to John Breidt, who is 57 years old. Plaintiff points out that his duties were initially absorbed by a driver who was under the age of 40, citing an interrogatory submitted to Defendant. But the interrogatory only provides evidence that a younger driver assumed Plaintiff's route for the week immediately following Plaintiff's termination. (Doc. 70, Ex. 24 at 3). The same interrogatory evidences that after that week, Plaintiff's route was assigned to 57 year old John Breidt. As noted, Plaintiff has not disputed that his route was permanently assigned to John Breidt, who was older than Plaintiff. Thus, there is no genuine issue of material fact that Plaintiff cannot

establish the fourth element of a prima facie case of age discrimination by showing he was replaced by a substantially younger driver.[2]

In addition to seeking a continuance of discovery (as discussed below under Part V), the parties recently submitted a discovery dispute in which Plaintiff requests that Defendant be ordered to supplement its responses to discovery requests. Plaintiff contends he has reason to believe that after discovery closed and summary judgment briefing finished, Defendant hired a driver who is under 40 to absorb Plaintiff's former route. As will be discussed in a separate order considering the discovery dispute, Plaintiff has not shown good cause to re-open discovery. Even if it is true Defendant recently hired a younger driver to assume Plaintiff's former route, that would not provide evidence Plaintiff was discriminated against based on his age in December 2007. In requesting further discovery, Plaintiff appears to suggest a far-fetched scheme in which Defendant waited a lengthy time to replace Plaintiff with a younger driver in order to avoid the appearance of age discrimination. Defendant will be granted summary judgment on Plaintiff's ADEA claim.

## II. ACRA Claim

The Arizona Supreme Court has held that federal case-law on Title VII is persuasive authority for reviewing ACRA claims. *Higdon v. Evergreen Intern. Arilines, Inc.*, 673 P.2d 907, 910 n.3 (Ariz. 1983). Age discrimination claims under the ACRA are analyzed under the same *McDonnell Douglas* framework as age discrimination claims under the ADEA. *See*

---

[2] Plaintiff argues that in cases in which there is no replacement, a plaintiff may show other circumstantial evidence of discrimination to establish a prima facie case. Plaintiff cites *Diaz v. Eagle Produce Ltd. Parternship*, 521 F.3d 1201, 1207 n.2 (9th Cir. 2008). In *Diaz,* the court noted that the prima facie case changes somewhat in cases involving a reduction in workforce, in which there may be no replacement. Plaintiff does not allege he was terminated in the context of a general reduction in workforce. Although *Diaz* found the circumstances in the case, in which the employer was undergoing a general reduction in workers, presented cause for an exception, it also noted: "Generally, an employee can satisfy the last element of the prima facie case only by providing evidence that he or she was replaced by a substantially younger employee with equal or inferior qualifications." *Diaz*, 521 F.3d at 1207 n.2. Plaintiff has not shown this case to be one in which this general requirement should not apply.

- 5 -

1 *Love v. Phelps Dodge Bagdad, Inc.*, 2005 WL 2416363, *7 (D. Ariz. 2005) (citing *Timmons v. City of Tucson*, 830 P.2d 871, 875 (Ariz. Ct. App. 1991)). Accordingly, Defendant will be granted summary judgment on the ACRA claim for the same reasons as the ADEA claim.

### III. Arizona Employment Protection Act ("AEPA")

Plaintiff alleges he was wrongfully terminated in violation of the AEPA. Plaintiff alleges Defendant misrepresented that Plaintiff resigned in order to avoid Plaintiff receiving unemployment benefits, in violation of A.R.S. § 13-2310, A.R.S. §§ 23-601 *et. seq.*, and A.R.S. §§ 13-2702, 2407. Defendant argues these are criminal statutes that do not provide Plaintiff with civil remedies, which Plaintiff concedes. Plaintiff's only claim is therefore for wrongful termination under the AEPA.

The AEPA provides a cause of action when an "employer has terminated the employment relationship of an employee in violation of a statute of this state." A.R.S. § 23-1501(3)(b). If the statute violated provides its own remedy to the employee, however, the remedy provided by the statute is the exclusive remedy available. *Id.* If the statute does not provide a remedy to the employee, the "employee shall have the right to bring a tort claim for wrongful termination in violation of the public policy set forth in the statute." *Id.* Plaintiff alleges Defendant violated Arizona criminal statutes by falsely representing to DES that Plaintiff resigned.

Defendant argues that AEPA implies a causal connection between the termination and the employer's statutory violation and that no connection exists here. The Court agrees. Plaintiff alleges Defendant misrepresented to DES that Plaintiff resigned in violation of a statute, not that Defendant terminated Plaintiff in violation of a statute. Defendant will be granted summary judgment on Plaintiff's AEPA claim.

### IV. Common Law Wrongful Termination

Plaintiff alleges he was wrongfully terminated in violation of public policy. Defendant argues this common law claim is precluded by AEPA, which provides that where a "statute provides a remedy to an employee of the statute, the remedies provided . . . are the exclusive remedies for the violation of the statute or public policy set forth in or arising out

of the statute . . . ." A.R.S. § 23-1501(3)(b). Defendant argues Plaintiff's common law claim is precluded under AEPA because the ACRA already provides a remedy for the claim.

Plaintiff argues his wrongful termination claim is not premised on the public policy in the ACRA, but on the public policy associated with A.R.S. §§ 23-1310, 23-601 *et seq.*; A.R.S. §§ 13-2703, 2407. Plaintiff thus reasserts his claim for wrongful termination under AEPA as a claim for wrongful termination under common law. His common law claim fails for the same reasons as his AEPA claim. Defendant will be granted summary judgment on Plaintiff's claim for common law wrongful termination.

**V.  Motion for Continuance of Summary Judgment to Permit Further Discovery**

Plaintiff moves for a continuance of the motion for summary judgment to permit him to conduct further discovery. Federal Rule of Civil Procedure 56(f) permits the court to order a continuance to enable further discovery to be undertaken by a party opposing a motion for summary judgment. The party seeking a continuance, however, has the burden of showing what material facts would be discovered that would preclude summary judgment. *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988). "If further discovery could not elicit evidence that would raise genuine issues of material fact, summary judgment would be appropriate." *Id.* Plaintiff seeks an opportunity to depose Paul Torres, a former employee of Defendant. Plaintiff claims he has reason to believe Mr. Torres was terminated due to his age, and that deposing him regarding the circumstances of his termination would allow Plaintiff to gather further evidence of Defendant's age-based animus. Even if Plaintiff were to acquire such evidence, however, Plaintiff would still not meet his burden of establishing a prima facie case of age discrimination. As discussed above, there is no genuine issue of fact that Plaintiff was not replaced by a substantially younger driver. Deposing Mr. Torres would not change that. The Motion for a Continuance will be denied.

**VI. Motion to Strike**

Plaintiff moves to strike Defendant's objections to evidence presented by Plaintiff, or in the alternative, response to such objections. The Court did not need to consider Defendant's objections to resolve the Motion for Summary Judgment. The Motion to Strike is therefore moot and will be denied.

Accordingly,

**IT IS ORDERED** Defendant's Motion for Summary Judgment (Doc. 69) **IS GRANTED.**

**FURTHER ORDERED** Plaintiff's Motion for a Continuance (Doc. 89) **IS DENIED.**

**FURTHER ORDERED** Plaintiff's Motion to Strike (Doc. 93) **IS DENIED** as moot. The Clerk shall terminate this case.

DATED this 9th day of September, 2010.

_____
Roslyn O. Silver
United States District Judge