wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Knowles,<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. Foodservice, Inc., et al.,<br><br>    Defendants. | No. CV-08-01283-PHX-ROS<br><br>**ORDER** |

Before the Court is the parties' Joint Statement of Discovery Dispute. (Doc. 98). Plaintiff seeks an order requiring Defendant to supplement its responses to discovery requests. In interrogatories and a deposition of a witness, Plaintiff asked for the identity of any person assuming the route duties held by Plaintiff during his employment. Defendant responded by identifying the drivers who had assumed Plaintiff's route duties. Plaintiff does not dispute that Defendant's response was complete and accurate at the time it was made, as Defendant named every individual who had assumed Plaintiff's route duties. But Plaintiff believes that since that time, another individual has been hired by Defendant to assume Plaintiff's former route.

Federal Rule of Civil Procedure 26(e)(2)(A) requires a party to supplement an interrogatory "if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Defendant argues it has no duty to supplement its response because its response was complete and accurate when it was made. Defendant argues its

response was accurate at the September 14, 2009 deadline to supplement discovery, and also when summary judgment briefing was completed on November 23, 2009. Defendant contends that it "does not have an ongoing, never-ending obligation to supplement its discovery responses after the close of discovery . . . ." (Doc. 98 at 4).

There may be circumstances under which supplementation of discovery should be required after the close of discovery. *See Episcopo v. General Motors Corp.*, 2005 WL 628243, *6 (N.D. Ill. 2004) ("Although Rule 26 does not explicitly provide for supplementation of disclosures and responses after the close of discovery, we think the language of Rule 26(e)(2) is broad enough to require supplemental disclosures under certain circumstances."). *Episcopo* did not expressly set forth the circumstances under which supplemental disclosures would be appropriate, but suggested they would proper when doing so would be consistent with the goals of discovery, such as narrowing the issues for trial and preventing unfair surprise. Such circumstances are not present here. Plaintiff concedes Defendant's response was accurate at the time it was made. Even if it is true Defendant recently hired a younger driver to assume Plaintiff's former route, that would not provide evidence Plaintiff was discriminated against based on his age in December 2007. In requesting further discovery, Plaintiff appears to suggest a far-fetched scheme in which Defendant waited a lengthy time to replace Plaintiff with a younger driver in order to avoid the appearance of age discrimination. Defendant's response was accurate when made, and practical considerations require that there be some deadline. Without a deadline, a party would have a never-ending obligation to supplement responses. The deadline to supplement discovery in the Court's Rule Scheduling Order expired over eight months ago.

Accordingly,

**IT IS ORDERED** Plaintiff's request for an order requiring Defendant to supplement its discovery responses **IS DENIED.**

DATED this 10th day of September, 2010.

_____
Roslyn O. Silver
United States District Judge